IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAVISTAR FINANCIAL CORPORATION;
and NAVISTAR LEASING COMPANY,          :

          Plaintiff          :

vs.          :   CIVIL ACTION NO. 3:CV-08-959
                     :   (JUDGE KOSIK)

STEPHEN P. HROBUCHAK, JR.,          :

          Defendant          :

and          :

CITI SMITH BARNEY,          :

          Garnishee          :

## M E M O R A N D U M

Navistar Financial Corporation and Navistar Leasing Company ("Plaintiffs" or

"Navistar") are creditors of Stephen P. Hrobuchak, Jr. ("Defendant"), Citi Smith Barney is a

garnishee who has filed a motion to interplead in this action.  Presently before the court is

(1) Navistar's Motion to Deny Exemption and for Judgment Upon Admission; and (2)

Garnishee, Citi Smith Barney's Motion for Interpleader.

## BACKGROUND

Navistar filed a complaint against Defendant on May 15, 2008 alleging breach of

contract for guarantees on loan agreements and lease agreements.[1]  A default judgment

was entered on October 30, 2008, in favor of Navistar Financial Corporation and against

Defendant in the amount of $6,815,552.52 and in favor of Navistar Leasing Company and

against Defendant in the sum of $3,012,378.93.  On November 12, 2008, plaintiffs issued a

writ of execution against Citi Smith Barney, as a garnishee.  Interrogatories in aid of

execution were also served upon Citi Smith Barney.  On December 9, 2008, Citi Smith

Barney filed answers to the interrogatories.  In its response to the interrogatories, Citi Smith

Barney acknowledged holding two accounts for Defendant.  However, in answer to

Interrogatory No. 2 and by way of New Matter, Citi Smith Barney maintained that one of the

accounts was an individual retirement account (IRA) that was funded entirely by a rollover

from an IRA account at Fidelity.[2]  In its New Matter, Citi Smith Barney asserted that 42

Pa.C.S.A. § 8124(b)(ix) exempts the IRA from attachment.  Plaintiffs filed the instant Motion

to Deny Exemption and for Judgment Upon Admission.  The parties filed appropriate Briefs

and the matter is ripe for disposition.  In addition, Citi Smith Barney has filed a Motion for

Interpleader of Garnishee, Citi Smith Barney.  This motion has also been briefed by the

parties.

---

[1]We note that Defendant, Stephen P. Hrobuchak, Jr., has failed to appear or
participate in the instant action.

[2]We are unaware of the full name of "Fidelity."  Both parties have failed to provide its
full name.

## DISCUSSION

Title 42, Section 424 of the Pennsylvania Consolidated Statutes Annotation provides.

in pertinent part:

(b)  **Retirement funds and accounts.- -**

(1)  Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

\*        \*        \*

(ix)  Any retirement or annuity fund provided for under section 401(a), 403(a) and (b), 408, 408A, 409 or 530 of the Internal Revenue Code of 1986 (Public Law 99-514, 26 U.S.C. 401(a), 403(a) and (b), 408, 408A, 409 or 530), the appreciation thereon, the income therefrom, the benefits or annuity payable thereunder and transfers and rollovers between such funds.  This subparagraph shall not apply to:

\*        \*        \*

(B)  Amounts contributed by the debtor to the retirement or annuity fund in excess of $15,000 within a one-year period.  This shall not include amounts directly rolled over from other funds which are exempt from attachment under this subparagraph.

42 Pa. C.S.A. § 8124(b).

Garnishee, Citi Smith Barney argues that the account in question is an individual

retirement account ("IRA") funded entirely by a rollover and thus exempt from execution on

a judgment pursuant to 42 Pa.C.S.A. § 8124(b)(1)(ix).  In response, Plaintiffs argue that

although they agree that 42 Pa.C.S.A. § 8124(b)(1)(ix) applies, the statute does not exempt

the *entire* IRA rollover account simply because it is a rollover retirement account.  Plaintiffs

argue that under exception (ix)(B), contributions by a debtor to a retirement fund in excess

3

of $15,000 per year are subject to execution by a judgment creditor. Plaintiffs argue that only contributions that fell within the $15,000 per year limitation will maintain their original exempt status once rolled over. Moreover, Plaintiffs argue that the burden of proof is on the party claiming the exemption, in this case, the Garnishee.

After reviewing the briefs and arguments of counsel, and considering the plain language set forth in the exemption statute, we find the language set forth in Section 8124(b)(1)(ix) clearly exempts from attachment or execution on a judgment a retirement or annuity fund, such as an IRA, "the appreciation thereon, the income therefrom, the benefits or annuity payable thereunder and transfers and rollovers between such funds". We believe that the assertions raised by Citi Smith Barney in New Matter, and supported by the attached documents relating to the IRA rollover from Fidelity, are sufficient to trigger the exemption set forth in § 8124(b)(1)(ix). While we recognize the existence of an exception to the exemption, § 8124(b)(1)(ix)(B), which states that amounts contributed by the debtor to the retirement or annuity fund in excess of $15,000 within a one-year period are not subject to the exemption, we believe that the onus is on Navistar to prove the existence of an exception, that is, to show that the amounts contributed by Defendant to the Fidelity IRA, later rolled over into the Citi Smith Barney IRA, was accumulated in amounts in excess of $15,000 within a one-year period. We will grant the Navistar plaintiffs sixty (60) days to show that the IRA at Citi Smith Barney was accumulated by Defendant Hrobuchak in

4

amounts in excess of $15,000 within a one-year period.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAVISTAR FINANCIAL CORPORATION;    :
and NAVISTAR LEASING COMPANY,    :
    :
    Plaintiff    :
    :
    vs.    :  CIVIL ACTION NO. 3:CV-08-959
    :  (JUDGE KOSIK)
STEPHEN P. HROBUCHAK, JR.,    :
    :
    Defendant    :
    :
and    :
    :
CITI SMITH BARNEY,    :
    :
    Garnishee    :

## O R D E R

AND NOW, THIS 25ᵗʰ DAY OF FEBRUARY, 2009, IT IS HEREBY ORDERED THAT:

(1)  The plaintiffs' motion to deny exemption and for judgment upon admission (Doc. 23) is **DENIED**.

(2)  The Navistar plaintiffs are allowed **sixty (60) days** in which to prove the exception to the exemption as outlined in the attached Memorandum; and

(3)  The motion for interpleader by Garnishee, Citi Smith Barney, (Doc. 29) is

**DENIED** at this time.

 

 

 

Edwin M. Kosik
United States District Judge